# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| ANDREW FOLEY, et al., | : | Case No. 3:15-cv-00096 |
|---|---|---|
| Plaintiffs, | : | District Judge Walter H. Rice |
| | : | Magistrate Judge Sharon L. Ovington |
| vs. | : | |
| UNIVERSITY OF DAYTON, et al., | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION[1]

This case is before the Court upon Defendants' Joint Motion to Dismiss (Doc. #69) to which Plaintiffs did not respond. Defendants argue that dismissal is warranted because Plaintiffs have failed to participate in this case in any substantive manner; have not identified substitute counsel; and have not filed any indication, by the Court's deadline (May 1, 2017), that they seek to proceed *pro se*.

After Defendants filed their Motion to Dismiss, the Court ordered Plaintiffs to show cause why this case should not be dismissed for failure to prosecute. The Court provided Plaintiffs with the alternative option to obtain counsel by June 26, 2017. Plaintiffs thereafter obtained counsel. Plaintiffs' new counsel filed a Notice of Appearance on June 26, 2017 (Doc. #71) and attorney William Norman filed a Motion for Pro Hac Vice Admission, which the Court granted by Notation Order.

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes dismissal of a case for failure to prosecute. District courts also have the inherent power to dismiss civil cases for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases. *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). Because Plaintiffs obtained new counsel by the Court's June 26, 2017 deadline, and because Defendants have not presently shown they have suffered any prejudice due to Plaintiffs' delay in obtaining new counsel, dismissal of this case under either Rule 41(b) or the Court's inherent authority is unwarranted.

**IT IS THEREFORE RECOMMENDED THAT**:

Defendants' Joint Motion to Dismiss (Doc. #69) be DENIED.


July 6, 2017                                                   *slo/Sharon L. Ovington*
                                                               Sharon L. Ovington
                                                               United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within FOURTEEN days after being served with this Report and Recommendation. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within FOURTEEN days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981).